No. 51.—James B. Neal, plaintiff in error, *vs.* Alexander
E. Robertson, defendant in error.

[1.] An amendment to an action for land, brought under and by virtue of
the Act of 1847 ; which amendment proposes to insert other plaintiffs, viz :
the heirs of the grantee, is not admissible.

Suit for land, in Stewart Superior Court. Tried before
Judge Worrell, April Term, 1855.

This was an action for the recovery of land brought under
the form prescribed by the Act of 1847. At the trial, plain-
tiff's Counsel moved to amend the declaration, by inserting the
names of the heirs of the grantee as co-plaintiffs. The Court
refused the amendment, and plaintiff excepted.

Plaintiff then moved to amend, by adding a new count fol-
lowing the same form, and varying only in placing the said
heirs as parties plaintiff. The Court refused this amend-
ment, and plaintiff excepted.

Error has been assigned on these exceptions.

Clark, for plaintiff in error.

Tucker, for defendant in error.

*By the Court.*—Starnes, J. delivering the opinion.

[1.] The right to make the amendment moved in this case, has
been put upon the ground of the practice which prevails in
actions of ejectment at Common Law, of laying several de-
mises in several lessors. If this were such a proceeding,
there can be no doubt, that under our laws, as they now stand
with respect to amendments, at any stage of the cause, an
amendment might be made, inserting a new demise and new les-
sors. But this would be permitted upon the principle which lies
at the foundation of that proceeding, viz : that John Doe is the
real plaintiff ; that he is the lessor or tenant of those in whom

the demises are laid; and by reason of the fiction upon which the frame of the action rests, these lessors, instead of being different parties, are all in union of interest with the plaintiff. When, therefore, a recovery is had by and through the title of either of these lessors, that recovery is held to enure to the benefit of the plaintiff, John Doe, and through him, it is supposed to operate for the benefit of that lessor, who is the actual party in interest. So, that when the writ of *habere facias* issues, (though at the point of time when it becomes necessary to execute it, the operation of the fiction ceases, and the Sheriff is required to put the lessor, whose title is successful, in possession,) it issues for the benefit of the plaintiff, John Doe, or rather through him, for the benefit of that lessor who is the real person in interest. Some Courts have required, that the consent of all the lessors should be obtained before their names are used. In which event, this mutuality of interest is supposed to be rendered certain. ....

In the case before us, it is a real person who brings a real cause of action, in which a flesh and blood plaintiff alleges; that he claims title to the land in question and prays a recovery of the same absolutely and in his own right. If, now, an amendment be made and other real plaintiffs be inserted, viz: the heirs of the grantee, will not this be the introduction of new parties plaintiff, and of a new cause of action?

If it be allowed, how will the proceeding be regulated? In whose favor will the writ of possession operate? Who shall be responsible for costs?

These questions are suggestive of the difficulties and complications which would arise out of such a proceeding, and lead us to the conclusion, that the amendment proposed is not admissible.

Very slight legislative provision, perhaps, might make such an amendment appropriate, and give it a fit legal relation to the other count.

Let the judgment be affirmed.