JOHN DOE, ex dem. plaintiff in error, vs. RICHARD ROE, casual ejector, and NORMAN H. LEWIS, tenant in possession, defendant in error.

[1.] An affidavit of a subscribing witness to a deed, that he saw the feoffor "assign" it, is not sufficient to authorize the record of the deed, and a record made on such an affidavit is a mere nullity—is no evidence of anything, but is mere hearsay.

[2.] In ejectment there can be no recovery of the premises upon a demise from a dead lessor, but there may be a recovery of *costs* on such a demise, if the lessor be living at the commencement of the suit, though dead at the time of the trial.

Ejectment, in Stewart Superior Court.    Tried before Judge KIDDOO, at April Term, 1859.

This was an action of ejectment by Doe, *ex dem.*, against Doe, casual ejector, and Norman H. Lewis, tenant in possession, for lot of land No. 33, in the 20th district of Stewart county.

The declaration contained four demises; from Jonathan Stanford, George Gunby, Benjamin T. Bethune, and Robert M. Gunby, administrator of Benjamin T. Bethune, deceased.

Upon the trial, plaintiff proved that defendant was in possession at and before the commencement of the suit. He then read in evidence a grant from the State to Jonathan Stanford of Warren county, for the lot in controversy, dated 7th December 1836, and here rested his case.

Defendant offered and read in evidence a copy deed, (first proving the loss of the original) from Jonathan Stanford to J. M. Cason, for the lot in dispute, dated 6th December, 1836, witnessed by Elisha Holiday and Joseph Leonard, J. P.    Also a copy deed from the record, from Cason to David W. Poytress, dated 4th November, 1837, both of said deeds recorded 26th February, 1857 ; the deed from Stanford to Cason purporting to have been made in Warren county.

Defendant then read in evidence a deed for the same lot

from Poytress to defendant, dated 27th February, 1857, and recorded 10th March, 1857.

Here defendant closed.

Plaintiff in reply, tendered in evidence a copy deed from Jonathan Stanford to George Gunby, dated 8th March, 1836, for the same lot, and recorded 9th March, 1858; the concluding clause as follows: "In testimony whereof, the said Jonathan Stanford hath set his name and affixed his seal the day and date above written;" and the attestation clause as follows: "Signed, sealed and acknowledged in presence of us, Hugh Ticer, Thomas N. Hicks;" and the probate of which was as follows:

"GEORGIA, Warren County—Personally came before me, Hugh Ticer, who being duly sworn, saith that he saw Jonathan Stanford assign the foregoing or within deed for the purposes therein mentioned, and that he subscribed the same as a witness, and saw Thomas N. Hicks do likewise. Sworn and subscribed to before me, July 11th, 1845."

Defendant objected to the introduction of this deed on the ground of its defective execution, attestation and probate. The Court sustained the objection, and rejected the deed, to which ruling plaintiff excepted.

Plaintiff then read in evidence a deed from George Gunby, for the lot in dispute, to Benjamin T. Bethune, and letters of administration granted to Robert Gunby on the estate of said Bethune, deceased.

Plaintiff further read in evidence the depositions of Elisha Holiday of Warren county, that he knew Jonathan Stanford of said county; that he never knew him to make a title to any land at any time, and that he is now dead. A copy of the deed from Stanford to Cason was shown the witness, who swore that he never signed the original deed, and that he did not know of such a deed being made. He knew a Justice of the Peace, Joseph Leonard, thirty years ago, in Warren county; that Jonathan Stanford, as far as he knew,

Doe ex den. vs. Lewis.

was an upright, honorable man. Knew nothing of his making a deed to the land; that he had nothing to do with him, and never signed any instrument for him, and never knew any man in Warren county by the name of Elisha Holiday, but himself.

Plaintiff here closed.

Plaintiff requested the Court to charge the jury, he releasing all *mesne* profits, that although Jonathan Stanford might be dead at the time of the trial, yet if they should believe from the evidence that he did not make the deed purporting to be from him to Cason, that then the plaintiff might recover. The Court refused so to charge, but charged, that if Jonathan Stanford was dead, that they should find for the defendant. To which charge and refusal to charge, plaintiff excepted.

The jury found for the defendant, whereupon plaintiff tendered his bill of exceptions, assigning as error the rulings, decisions, charges and refusals to charge, above mentioned and excepted to.

JOHNSON & SLOAN, for plaintiff in error.

WIMBERLY & EVANS; DOUGLASS & DOUGLASS; and BEALL, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

Was the deed offered by plaintiff from Stanford to Gunby, properly rejected? Delivery being an essential part of a deed, no paper can go as a deed without *proof* of delivery. There was no proof of it here. Delivery could not be inferred from possession either of the land or the paper, for it did not appear that either had ever been in the possession of plaintiff or those through whom he claimed, the paper offered being a *copy*, and not an original. The copy, to be sure,

was in possession of the plaintiff, but the copy did not purport, even to be the paper which was delivered, and the copy proved nothing as to the original. Indeed, the copy was not and could not be evidence at all, except by virtue of proof that it was a true transcript from the original, which original had *first* to be proven. Now was the original proven by the *record*, or rather by the Clerk's certificate of record ? We hold not, because the record if made, as the certificate represented it, was not made on legal probate, and so passes for nought. The affidavit on which the record purports to have been made, merely states that the witness saw Stanford " assign," by which of course he meant sign. There is no statement in the affidavit touching delivery. There was nothing to authorize the Clerk to make a record. The record of a deed when made upon the proper official attestation, or proper affidavit of a subscribing witness, is sufficient proof of the execution of the deed, including delivery, but when made without this foundation, is nothing at all. So far from proving the execution of the deed, it don't prove even that there was such an original paper. It is no evidence. A record, unless made in pursuance of law, is mere *hearsay.* The execution of the deed not being proven, the paper was properly rejected.

[2.] As to the charge. This Court has held before, and we adhere to the doctrine, that in ejectment there can be no recovery of the premises on a demise from a lessor who is dead at the time of trial, but there may be a recovery of *costs* by plaintiff on such a demise, provided the lessor were living at the commencement of the suit. We think this is the instruction which should have been given to the jury, instead of the unqualified charge that there can be no recovery on a demise from a lessor who is dead.

Judgment reversed.