ROE, casual ejector, *et. al.*, *vs.* DOE, *ex dem. et al.*

The titles of the different lessors of the plaintiff in ejectment, are different causes of action, and for purposes of defense, the action, as to each one of them, is to be considered as commenced when that one is introduced into the declaration, whether it be introduced at the beginning or as an amendment afterwards.

Ejectment, in Marion Superior Court. Tried before Judge WORRILL, at March Term, 1860.

This was an action of ejectment brought by Doe, *ex dem.* William A. Pierce, against Roe, casual ejector, and Catherine Tidd, tenant in possession, for the recovery of lot of land number 259, situated in the fourth district of Marion county.

Upon the trial, plaintiff offered and read in evidence, a grant from the State of Georgia to William A. Pierce, his lessor, for the premises in controversy, proved defendant's possession and the *locus*, and closed.

Defendant then proved that Pierce, the plaintiffs' lessor, died about twenty years before the commencement of this suit, and that she, Catherine Tidd, had been in the peaceable, continued, and adverse possession of the premises in dispute, under color of title and claim of right for more than seven years prior to the bringing of suit.

Plaintiff then amended his declaration by striking out the demise from Pierce, and inserting a demise from Mahala Jane Garris, and proved that she was the heir at law of said Pierce.

The demise from Pierce was alleged in the declaration to have been made the first of January, 1854. The action was commenced the 7th of August, 1855.

Upon this state of the facts and pleadings, and after argument, the presiding Judge charged the jury, that if Pierce, the plaintiffs' lessor, were the drawer of the land, and Mahala Jane Garris was his heir at law, then plaintiff was entitled to recover on her demise, notwithstanding Pierce may have been dead more than twenty years before suit was commenced in his name. That, although Mahala Jane Garris had not asserted her right or brought her suit within seven years after the accrual of her right, yet if the action had been commenced in the name of another, before her right as

cause of action was bound by the statute of limitations, she had the right to come in and' be made a party to the suit at any time, and could recover, notwithstanding the statutory period had elapsed before she was made a party. To which charge counsel for defendant excepted.

The jury, under the charge, found for the plaintiff upon the demise of Mahala Jane Garris and council for defendant tended their bill of exceptions, assigning said charge as error.

HINTON & BUTT, and LEVI B. SMITH, for plaintiff in error.

BLANDFORD & CRAWFORD,*contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

Mr. Justice Blackstone, in 3 *Book Com. side page 205,* says it was resolved by all the Judges in 32 *Ga.*, 2, that the writ of ejectment and its nominal parties are "judicially to be considered as the fictitious form of an action, really brought by the lessor of the plaintiff against the tenant in possession, invented, under the control and power of the Court, for the advancement of justice in many respects, and to force the parties to go to trial on the merits, without being entangled in the nicety of pleadings on either side." The peculiar advantage which this form of action confers upon the lessor of the plaintiff is, that, in addition to his own title, he may avail himself of the titles of other persons whom, under equitable restrictions, he may introduce as other lessors of the plaintiff. These different titles are different causes of action which are allowed to be joined in the same action. In their nature, they are not amendments, one to the other, but separate causes of action, each one in conflict with all the rest; and though new ones may be introduced in the progress of the case by way of amendment, yet they are introduced upon *terms*, and the defendant may plead *de novo*. *See note, Adams on Eject.*, 201. The *name* amendments, should never be allowed to defeat the just consequences of their true nature as new causes of action. Each of these titles, whether introduced at the beginning or as an amendment afterwards, should be tried upon its *own*

merits, as it may stand when introduced to the Court. For purposes of defense, justice requires that, as to each one of them, the action should be considered as *commenced* when that cause of action is introduced into the declaration. To hold that the action has been commenced as to any cause of action, before that cause of action has been brought to the notice of the Court, is to invent a new fiction for the defeat of justice instead of its advancement.

Judgment reversed.