Field *et al. vs.* Martin.

JOHN D. FIELD *et al.*, plaintiffs in error, *vs.* MARTHA C. MARTIN, administratrix, defendant in error.

Where F. and N. purchased land jointly from M., giving their notes for the purchase money and taking his bond for titles, and F. paid the whole of the purchase money, and N. having died, F. demanded the titles to be made to himself, and brought suit on the bond in the names of F. and N. for F.'s use :

*Held,* That as the purchase was joint and the bond joint, it was no breach of the bond to refuse to make titles to F. alone.

*Held, further,* That the suit could not be maintained in the name of F. and N. for the use of F., N. being dead.

Complaint on bond for title. Breach. Party. Before Judge KNIGHT. Lumpkin Superior Court. April Term, 1872.

John D. Field, Jr., suing for himself and David Nichols, for the use of John D. Field, Jr., brought complaint against Martha C. Martin, as administratrix upon the estate of William Martin, deceased, upon a bond for title made by William Martin on November 6th, 1847, obligating himself in the sum of three hundred dollars to John D. Field, Jr., and David Nichols, conditioned to make title to certain land, on the payment of certain notes for the purchase money.

The defendant pleaded the general issue, statute of limitations, set-off, release and former judgment.

It appeared, from the evidence, that John D. Field, Jr., had paid the purchase money for the property set forth in the bond and had demanded of defendant a deed ; that David Nichols was drowned in 1851 or 1852.

The jury returned a verdict for the plaintiffs.

The defendant moved for a new trial upon the following amongst other grounds :

" Because the Court erred in refusing defendant's motion to dismiss the action on the ground that David Nichols was dead at the commencement of the suit."

The Court set aside the verdict and ordered a new trial;

Field *et al.* *vs.* Martin.

whereupon plaintiffs in error excepted and assigns said decision as error.

R. A. QUILLIAN; WIER BOYD, for plaintiffs in error.

H. P. BELL, for defendant.

McCAY, Judge.

The purchase of this land by Field and Nichols from Martin was a joint purchase, according to the bond and note, and there is nothing in the evidence to contradict this. As soon as the papers were executed, the vendees became jointly interested in the land, according to the bargain. That one of them has paid all the money does not alter their relative legal rights to the land. The bond was to both, the obligation to make the title is to both, and a title to one would not have been a compliance with the obligation of the bond. This is what was demanded by Field, and this is what the defendant refused to perform. There was no proof of a breach of the bond. The demand of Fields was not in accordance with its terms, and a compliance with the demand would have left the obligor subject to an action on the part of Nichols or his representatives.

We will not say that Field may not, as survivor, bring an action on the bond, but he must show a breach of the bond, to-wit: a refusal to make titles according to its terms, or show some consent or agreement, on the part of Nichols, that a title to Field, alone, will satisfy the bond.

Very clearly, this case cannot go on in Nichols' name if he be dead. If his name is important for any purpose and he be dead, the suit cannot go to judgment. A dead man cannot be a party to a suit.

Judgment affirmed.