JONES *et al. vs.* JOHNSON, KIMBALL & COMPANY.

1. Where an action of ejectment is brought in the "John Doe" form, a demise may be introduced, by amendment, at any time; and

every demise of this character is a separate and distinct cause of action.

2. The cause of action thus introduced does not relate back to the filing of the declaration, but dates from the time the amendment is filed and allowed by the court.

3. When the amendment was made in this case, which introduced the names of plaintiffs in error as lessors, in lieu of the original lessor, it constituted a distinct cause of action, commencing from the date of the amendment; and it appears that when this amendment was made, and for more than seven years prior thereto, the life tenant had been dead (the new lessors being remaindermen), and defendants had been in public, continuous, exclusive, uninterrupted and peaceable possession of the land in question, under color of title, claiming it as their own.

May 2, 1888.

Pleadings. Amendment. New cause of action. Prescription. Before Judge HINES. Emanuel superior court. November term, 1887.

This was an action of ejectment, brought on the demise of Henry P. Jones, Jr., for 1,152 acres of land in Emanuel county, against Johnson, Kimball & Company, tenants. At the trial term, 1887, the names of Henry P. Jones and J. Hurt Jones were inserted in the declaration in lieu of Henry P. Jones, Sr.

The defendants pleaded not guilty. The plaintiffs claimed under the will of Henry P. Jones, Sr., by which the land in dispute was devised to J. V. Jones for and during the period of his natural life, with remainder to such child or children as he might leave living at the time of his death, and their heirs forever. It was duly admitted to probate at the June term, 1854, of the court of ordinary of Burke county; and it appears from the certificate of the ordinary that the original will and its record were destroyed by fire on the night of January 24, 1856. The plaintiffs were the only children and heirs at law of J. V. Jones, and are the remaindermen under the will as to the land in dispute. J. V. Jones

died in October or November, 1879. At the trial term, 1887, one of the plaintiffs was thirty-eight and the other thirty-five years of age. J. V. Jones deeded the entire tract to Hannah Burton on January 2, 1865, and the title descended regularly from her to the defendants. The agent of Hannah Burton in the purchase swore that it was bought in good faith, without any knowledge on his part or hers of any other claim to it; that she paid $4,000 for it, and had been in possession ever since until the title passed out of her; that in 1874, she commenced cultivating a considerable portion of the land and made crops thereon until a sale to one Kirkland, who held possession under her until she sold to defendants. After her death in 1880, her heirs held possession of the land until the sale to defendants. These possessions were uninterrupted, peaceable, etc. Johnson and Kimball swore that the land was purchased in good faith; that the original trade was made through Johnson; that neither he nor any of his partners had any knowledge or suspicion of a claim of any one else; and that they had been in the uninterrupted, etc. possession of the land since their purchase.

The jury found for the defendants. The plaintiffs moved for a new trial on the following grounds:

(1)–(4)  Because the verdict was contrary to law and evidence.

(5)  Because the court erred in the following charge: If you find that the defendants and those under whom they claim have been in possession under written conveyance of title, in their own right and not in the right of another; if this possession did not originate in fraud; if it was continuous, exclusive, uninterrupted and peaceable and accompanied by claim of right; and if you further find that this possession continued for a period of seven years from the death of James V. Jones down to the

time when the amendment was had which lays the demise in the name of Henry P. Jones and J. Hurt Jones,—then defendants have a good title by prescription, and would be entitled to a verdict in their favor.

The motion was overruled and the plaintiffs excepted.

TWIGGS & VERDERY, for plaintiffs.

J. J. JONES, J. C. DELL and T. H. POTTER. for defendants.

BLANDFORD, Justice.

We are of the opinion that the court was right in the charge complained of, and that under the facts of this case the plaintiffs were not entitled to recover.

1. This was an action of ejectment in the old form, and under our practice (and it has always been the practice in this State so far as we are aware), a demise may be introduced into a declaration of this sort, by amendment, at any time; and every demise of this character is a separate and distinct cause of action.

2. The cause of action thus introduced does not relate back to the filing of the declaration, but dates from the time the amendment is filed and allowed by the court.

3. Therefore when the amendment was had which introduced in the declaration in this case the names of these plaintiffs in error as lessors, in lieu of the original lessor, it constituted a separate and distinct cause of action, commencing from the date of the amendment. And it appears here affirmatively that when this amendment was made, and for more than seven years prior thereto, the life tenant had been dead and the defendants had been in the public, continuous, exclusive, uninterrupted and peaceable possession of this land, under a written color of title, claiming it as their own. We

think, therefore, that they had a prescriptive title to the land, and that the court was right in the instruction complained of. The judgment of the court below refusing a new trial in this case is affirmed.