## BURBAGE *v.* FITZGERALD *et al.*

1. Although the declaration in an action of ejectment which was brought upon the joint demise of several persons would be amendable by striking the names of all except one of the plaintiff's lessors, the same thing is not accomplished by leaving the original demise intact and laying a new and distinct demise in the name of one only of the joint lessors; for in that event, the right to recover upon either demise would be retained.

2. Such an amendment as that first above indicated would relate back to the beginning of the action and leave the declaration, as to all matters of defense, as if it had been brought in the first instance upon the sole demise of the person whose name was not stricken; but when the declaration is amended by laying an entirely new demise, the case as to it should be tried as though the action had not been commenced until the date upon which the amendment introducing this demise was filed, and relatively to the plaintiff's right to recover thereon, the statutes of prescription would run in favor of the defendant until that date.

3. There can be no recovery upon a joint demise when the evidence shows that the entire title to the premises sued for is in a single lessor of the plaintiff; nor upon a new demise in the name of that lessor, if the defendant had acquired a good title by prescription before this demise was introduced into the action.

4. A plaintiff in ejectment may recover upon his own prior possession, or that of his ancestor, against one who does not show a better right to the property; and in such case, the mere belief of the defendant that he purchased a good title will not, unless supported by evidence showing title or adverse possession for the requisite period, suffice to defeat the plaintiff's action.

5. It was error, on the trial of an action of ejectment, to charge that if the plaintiff showed a statutory title by prescription to the property sued for, he would be entitled to recover "independent of and regardless of any right or title shown by the defendant or the circumstances or manner in which he may have entered into possession of the land."

June 18, 1896. By two Justices. Argued at the last term.

Ejectment. Before Judge Sweat. Glynn superior court. May term, 1895.

*Mershon & Smith* and *Johnson & Krauss*, for plaintiff in error.

LUMPKIN, Justice.

This was an action of ejectment against Burbage in the fictitious form, the real plaintiff in which was Mrs. Flanders. As originally brought, a demise was laid from Fitzgerald, and another from the heirs at law of one Gatchell, among whom was Mrs. Flanders. After the action had been pending in court for a number of years, by way of amendment a new demise was laid in the name of the latter alone. There was no evidence authorizing a recovery upon the demise from Fitzgerald. There was evidence showing possession in Gatchell, and also, that he conveyed whatever title he had in the premises to Mrs. Flanders. The defendant relied upon a prescription of seven years under written evidence of title. There was a verdict against him, and he complains of the overruling of his motion for a new trial. We find it necessary to order

a new trial; and, without dealing with the assignments of error precisely as set forth in the motion, have chosen rather to lay down the rules of law under which the case should be tried at the next hearing. As will presently appear, it will then become a very important matter to fix the date up to which the statute of prescription ran in favor of the defendant. Relatively to the rights of Fitzgerald and the heirs at law of Gatchell, collectively, the statute stopped running in the defendant's favor as soon as the original declaration was filed. Among these heirs was Mrs. Flanders. Relatively to her individual rights under the amended declaration, the statute ran in the defendant's favor up to the time when the amendment was made. It will thus be seen that her position in the case is somewhat anomalous, and this fact has constrained us to deal with it as we have done. The prescription relied upon by the defendant, if good at all, not having continued for the requisite seven years against the joint plaintiffs, including herself, and yet having done so for that period against her regarded as an individual plaintiff, it is a matter of some difficulty to determine exactly how the case, as to her, is affected by the statute of prescription upon the pleadings as they stand; and it has therefore seemed proper, if not inevitably essential to justice, that we should solve the matter by indicating how this difficulty may be removed and a hearing had upon the real merits of the case.

1. If, instead of laying a new demise in her own name, Mrs. Flanders had amended the declaration by striking therefrom the names of all the original lessors of Doe, the the plaintiff, except her own,—which she had an undoubted right to do,—the case would have stood as if it had been brought in the first instance upon this demise alone; but the same thing was not accomplished by introducing a new and separate demise from herself, for the reason that this course left her free to recover either upon the joint demise

from the heirs of Gatchell, or the several demise from herself.

2. Had she pursued the course above indicated, the amendment would have related back to the commencement of the action. She was undoubtedly a plaintiff at the time the declaration was filed; and if she had simply stricken from the declaration the names of her colessors, no reason occurs to us why the declaration should not then have been treated as though she was the sole plaintiff from the beginning, or why the declaration would not then have stood, as to all matters of defense, as if it had been originally brought upon the demise of Mrs. Flanders alone. The new demise, however, introduced by way of amendment, stands upon an entirely different footing. As to it, the action should be treated as though it had not been commenced until the date upon which this amendment was filed; and, relatively to the right of action set up in the amendment, the statute of prescription, as above remarked, ran in favor of the defendant until that date. *Jones* v. *Johnson, Kimball & Co.*, 81 *Ga.* 293; and there are previous decisions of this court to the same effect.

3. It is evident from what has already been said, that Mrs. Flanders could not recover upon the joint demise from herself and the other heirs of Gatchell; because, even assuming that he originally had title, it appeared that he had conveyed it to Mrs. Flanders. Treating the action, so far as it related to the new demise, as having been commenced when the amendment was filed, there was evidence tending to show that Burbage had acquired a good title by prescription before this new demise was introduced into the action. We do not mean to say this defense was established; but simply that, as it cannot be known but that the jury found for the plaintiff upon the joint demise, there must be another trial, which should be conducted in the light of what is here written.

4. This court has decided in several cases—among them

*Wolfe* v. *Baxter et al.*, 86 *Ga.* 705, and *McLendon.* v. *Horton*, 95 *Ga.* 54—that an heir at law may recover in ejectment upon the prior possession of an ancestor, as against one who does not show a better title. Where the plaintiff in this manner makes out a *prima facie* case, and the sole defense is that the defendant purchased in good faith from another, mere belief that in so doing he obtained a valid title will not alone suffice to defeat the action. The defendant in such case must show that his grantor actually had title, or else make out a title in himself by prescription, based upon his own possession or that of those under whom he holds. Good faith is essential to the validity of such a title, but will count for nothing unless supported by evidence of possession for the requisite period.

5. It requires no comment to show that the charge referred to in the fifth head-note was erroneous. It must have been the result of mere inadvertence.

*Judgment reversed.*