## ROBERTS *v.* TIFT.

1. An amendment laying a new demise and preserving the action can be made in the fictitious form of ejectment although the original declaration contained only a demise of a person dead at the time of the commencement of the suit.

2. On the trial of an action of ejectment, a lessor was competent to testify that another lessor, in whose name a prior demise was laid, at a given time, executed and delivered to the witness, as grantee, a deed to certain described land for which the action was brought, that the witness saw the grantor sign the instrument in the presence of two named witnesses neither of whom was an officer, that both of the witnesses and the grantor had since died, that the instrument was lost and could not be found, and that it had never been recorded;—the personal representative or transferee of such grantor not being a party to the suit.

3. There was no merit in the grounds of the motion for a new trial based upon the alleged failure of the judge to properly state the contentions of the defendant below upon the trial of the case.

4. The court charged the jury as follows: "Now, the defendant insists that he purchased some portion of the land in dispute, and that he has

a right to hold the land as his. The court charges you that the defendant has a right to set up any paramount title to this property, set up any title that is the best title to this property; and if you believe from the evidence that he holds the true title and that it has descended from the true owners, and that Captain Tift [the plaintiff] has not complied with the law, and has not come up to the requirements of the law, which gives prescriptive title, why the defendant would be entitled to recover, and your verdict would be in favor of the defendant." This instruction was calculated to impress the jury with the idea, that, before they would be authorized to find in favor of the defendant, the evidence had to be sufficient to show that the defendant held under a paramount outstanding title; that is, if it appeared from the evidence that there was an outstanding title superior to that of the plaintiff, he could nevertheless recover if the defendant was not connected with such outstanding superior title. The law is that the plaintiff must recover on the strength of his own title; and therefore if at the trial an outstanding title be shown superior to that of the plaintiff, he can not recover, although it be not shown that the defendant had title. As there was evidence tending to show an outstanding paramount title with which the defendant was not connected, the instruction was hurtful error to the defendant.

5. It was not error to charge the jury in effect that a prescriptive title, when fully shown by the evidence, is good as against the true owner of the land.

SEPTEMBER 30, 1911.

Ejectment. Before Judge Mitchell. Tift superior court. July 6, 1910.

*J. B. Murrow, Ellis, Webb & Ellis, Ellis & Ellis,* for plaintiff in error.

*Fulwood & Murray, J. M. Terrell,* and *Hal Lawson,* contra.

FISH, C. J. One of the assignments of error raises the question, whether the declaration in the fictitious form of ejectment, as used in this State, can be amended by laying a new demise, when the only demise laid in the original declaration was in the name of a lessor who was dead at the time the suit was brought. No ruling of a controlling nature has been made by this court on the question. In *Neal* v. *Robertson,* 18 *Ga.* 399, Starnes, J., used in an obiter dictum language strongly persuasive as to the right to make such amendment. While deciding that an amendment to a statutory action for land brought under the act of 1847, which proposed to insert other plaintiffs, was not allowable, he said: "The right to make the amendment moved in this case has been put upon the ground of the practice which prevails in actions of ejectment at common law, of laying several demises in several lessors. If this

were such a proceeding, there can be no doubt, that, under our laws as they now stand with respect to amendments, at any stage of the cause an amendment might be made, inserting a new demise and new lessors. But this would be permitted upon the principle which lies at the foundation of that proceeding, viz.: that John Doe is the real plaintiff; that he is the lessee or tenant of those in whom the demises are laid; and by reason of the fiction upon which the frame of the action rests, these lessors, instead of being different parties, are all in union of interest with the plaintiff. When, therefore, a recovery is had by and through the title of either of these lessors, that recovery is held to enure to the benefit of the plaintiff, John Doe, and through him it is supposed to operate for the benefit of that lessor who is the actual party in interest. So that when the writ of habere facias issues (though at the point of time when it becomes necessary to execute it the operation of the fiction ceases, and the sheriff is required to put the lessor, whose title is successful, in possession), it issues for the benefit of the plaintiff, John Doe, or rather through him for the benefit of that lessor who is the real person in interest. Some courts have required, that the consent of all the lessors should be obtained before their names are used. In which event, this mutuality of interest is supposed to be rendered certain." As a matter of practice there seems, heretofore, to have been no question as to the right to lay a new demise by amendment to a declaration in ejectment proper, where the sole lessor in the original declaration was dead when the action was brought. This practice was recognized in the following cases: *Roe* v. *Doe*, 30 *Ga.* 873; *Pollard* v. *Tait*, 38 *Ga.* 439; *Head* v. *Driver*, 79 *Ga.* 179 (3 S. E. 621); *Jones* v. *Johnson*, 81 *Ga.* 293 (6 S. E. 181). In each of the cases just cited the Justice writing the opinion noted the fact that the sole lessor in the original declaration was not in life when the action was begun; but there was no intimation that this fact would prevent the laying of a new demise in the name of another lessor. In *Head* v. *Driver*, supra, in which Chief Justice Bleckley wrote the opinion, all the demises were laid in the name of a person dead at the commencement of the suit; the plaintiff offered an amendment, not laying a new demise or alleging a new lessor, but setting up an additional fact as to the merits of the case. In the concluding portion of the opinion the Chief Justice dealt with this proposed amendment, not by showing

that the amendment laying a new demise was not permissible, but that the amendment offered would not have helped the plaintiff, or prevented a nonsuit, if it had been allowed. This court has frequently decided that a suit can be maintained only by or in behalf of a natural or artificial person, and that where an action is instituted by one not having capacity to sue, the proceeding is a mere nullity, and contains nothing to amend by. *Mutual Life Company* v. *Inman Park Church,* 111 *Ga.* 677 (36 S. E. 880), and cases cited; *Wynn* v. *Richard Allen Lodge,* 115 *Ga.* 796 (42 S. E. 29); *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). And see *Clark* v. *Wyche,* 126 *Ga.* 24, 26 (54 S. E. 909). It has also been ruled in several cases by this court that there can be no recovery in ejectment proper, where the sole lessor of the plaintiff was dead when the suit was brought. *Head* v. *Driver,* supra, citing *Jones* v. *Tarver,* 19 *Ga.* 280 (6); *Goodlitle* v. *Roe,* 20 *Ga.* 135; *Watson* v. *Tindal,* 24 *Ga.* 494 (5), 503 (71 Am. D. 142); *Doe* v. *Lewis,* 29 *Ga.* 45 (2). It is also the rule that if the lessor of the plaintiff in ejectment had no title at the commencement of the action, the plaintiff can not recover on that demise. *Hobby* v. *Bunch,* 83 *Ga.* 1 (3); *Suwannee Turpentine Co.* v. *Baxter,* 109 *Ga.* 597 (35 S. E. 142). And the same is true if the plaintiff's lessor had no title at the date of the demise. *Scisson* v. *McLaws,* 12 *Ga.* 166; *Fosler* v. *Stapler,* 64 *Ga.* 766. Moreover, the rule is that "No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed, unless expressly provided by law." Civil Code (1910), § 5685. This, so far as we know, has ever been the rule of practice in this State, at least since the adoption of the Code of 1863. See § 3411 of that code. Notwithstanding the doctrines, that no action can be maintained except in the name of a natural or artificial person; that there can be no recovery in ejectment where the sole lessor of the plaintiff was dead when the suit was brought, or at the date of the demise, or had no title at the date of the demise or at the commencement of the action; and that no amendment is allowable at law which adds a new party or a new cause of action, it has ever been the practice in this State to allow, by amendment at any time before the trial, the introduction of a new lessor of the plaintiff in the action of ejectment proper. *Pollard* v. *Tait,* 38 *Ga.* 439; *Jones* v. *Johnson,* supra. Although every demise of this character

introduces a new party to the suit, as well as a new cause of action. Ib.; *Burbage* v. *Fitzgerald,* 98 *Ga.* 582 (25 S. E. 554). It has been held, moreover, that where the sole lessor of the plaintiff in the action of ejectment dies pending the suit, the case may proceed to trial for the recovery of costs. *Watson* v. *Tindal, Doe* v. *Lewis,* supra. Furthermore, this court has subscribed to the doctrine, "that if the plaintiff is entitled to the possession of the premises, at the time the demise is laid, it. will be sufficient, although his right of possession be divested before the trial; for the action of ejectment is intended to give the party compensation for the trespass as well as to enable him to recover possession of the land, and he has the right to proceed for such trespass although his right to the possession should cease." *Harris* v. *Cannon,* 6 *Ga.* 382, 389, citing Adams on Ejectment, 33. If the nominal plaintiff in the action of ejectment, proper, is a sufficient legal entity to authorize the continuance of the action in his name for the recovery of costs where his sole lessor dies pending the suit, and if the action may proceed in his name for the trespass, where his sole lessor was entitled to the possession of the premises at the time the demise was laid, although his right of possession be divested before trial, it would certainly seem to be true that the fictitious plaintiff is a sufficient legal entity to authorize a new demise to be laid by amendment, where the sole lessor in the original declaration was dead at the commencement of the suit. Moreover, if a suit in ejectment, proper, can be well brought in the name of a fictitious plaintiff upon the demise of a living lessor who had no title at the time the demise was laid, or who had parted with the title prior to the commencement of the suit, and an amendment can be made upon the trial by laying a new demise from a lessor who had title at the time of the new demise, and at the time the suit was brought, which under our practice is certainly allowable, no good reason occurs to us why a new demise may not be laid by amendment in the name of a lessor having title and the right of possession at the time of the laying of such new demise and at the time of the commencement of the action, although the sole lessor in the original declaration was dead at the time the suit was brought. Our conclusion is that such an amendment as is last referred to is allowable. Powell on Actions for Land, § 118, note 5.

Two grounds of the motion for a new trial complain of error in

the exclusion of certain evidence offered by the defendant below. An examination of the brief of evidence sent up in the record shows that the evidence alleged to have been excluded was admitted. The other grounds of the motion for a new trial are sufficiently dealt with in the headnotes relating thereto. The judgment refusing a new trial is *reversed,* upon the error in the instruction set forth in the 4th headnote.

*Beck and Atkinson, JJ., absent. The other Justices concur.*