HEATH *et al. v.* PARKER *et al.*

No. 15088.   MAY 9, 1945.

*S. T. Allen* and *R. S. & C. W. Foy,* for plaintiffs.

*G. R. Jacob* and *John G. Cozart,* for defendants.

JENKINS, Presiding Justice.   Under the fictitious form of ejectment, an amendment is permissible laying a new demise, thereby bringing in a new cause of action and new parties.   *Jones* v. *Johnson,* 81 *Ga.* 293 (6 S. E. 181); *Roberts* v. *Tift,* 136 *Ga.* 901 (72 S. E. 234); *Deas* v. *Sammons,* 126 *Ga.* 431 (55 S. E. 170, 7 Ann. Cas. 1124); *Pollard* v. *Tait,* 38 *Ga.* 439 (5), 443; *Pierce* v. *Tidd* (sub nom. *Roe* v. *Doe*), 30 *Ga.* 873; *Jones* v. *Tarver,* 19 *Ga.* 279 (6), 285; *Neal* v. *Robertson,* 18 *Ga.* 399; Powell on Actions for Land, § 117.   Such an amendment, however, does not relate back to the time of filing the original suit, but the cause of action therein alleged is commenced when that cause of action is introduced into

242

the declaration. *Burbage* v. *Fitzgerald,* 98 *Ga.* 582 (2, 3) (25 S. E. 554); *Bentley* v. *Crummey,* 119 *Ga.* 911 (47 S. E. 209); *Willingham* v. *Long,* 47 *Ga.* 540 (2).

Where one of the joint lessors, in whom a demise is laid in an action in the common-law form of ejectment, dies pending the action, the demise is amendable by substituting his sole heirs at law as parties, where it is shown that there is no administration on his estate. *Towns* v. *Mathews,* 91 *Ga.* 546 (1, 2) (17 S. E. 955); *McElhaney* v. *Crawford,* 96 *Ga.* 174, 177 (22 S. E. 895); Code, § 3-401; Powell on Actions for Land, §§ 114, 116, 117.

*Judgment reversed. All the Justices concur.*