21251. SIRMANS *et al. v.* BANKS, Administratrix.

Argued June 12, 1961—Decided July 6, 1961.

*D. W. Sloan, Edward Parrish, S. B. McCall,* for plaintiffs in error.

*C. Bradford, John W. Lee, T. E. Miller,* contra.

ALMAND, Justice.  The exceptions under review in an ejectment action brought in the fictitious form, are (1) to an order denying a motion for a new trial, and (2) to the denial of the defendants' motions for a judgment notwithstanding the verdict and to set aside the verdict and judgment.

■ In this ejectment action, John Doe, ex dem. Shirley S. Banks, administratrix on the estate of J. M. Smith, deceased, designated Eugene Lewis, as tenant in possession.  The death of Eugene Lewis having been suggested, Lonie Mae Sirmans, temporary administratrix, consenting, she was substituted in his stead as a party plaintiff.  On the call of the case for trial, counsel for Eugene Lewis moved the court for a continuance on account of the said Lewis being unable to attend court because of illness.  In support of his motion, he produced an affidavit of a physician who stated that Lewis was being treated by him for severe bronchial asthma and was unable to attend court at that time.  Several witnesses testified as to their knowledge of the physical condition of Eugene Lewis.  Their testimony was in sharp conflict.  Some testified that his condition was such that he was able to attend court.  Others that he could not.  We cannot say that the court abused its discretion in denying the motion for a continuance.

■ This is a common-law action of ejectment in the fictitious

form. The petition alleged that one Leon Lewis demised to the petitioner on September 19, 1938, for a term of fifty years a described tract of land. No other demise was alleged. Eugene Lewis was designated as tenant in possession, and Lonie Mae Sirmans as real claimant. Their response made the issue for trial. On the trial the undisputed evidence disclosed that Leon Lewis, the lessor at the time of the trial, was deceased. After evidence of the parties had been introduced, the defendants made a motion for a directed verdict, one of the grounds of the motion being that the only person in whom a demise was laid was deceased, and the plaintiffs could not maintain their action. This motion was denied. The court directed a verdict for the plaintiff and entered a judgment that the plaintiff Banks recover the premises in dispute, that a writ of possession issue, and the plaintiff recover of the defendant the sum of $34.50 costs. The defendants filed a motion for a new trial, to set aside the verdict and judgment, and for a judgment notwithstanding the verdict, one of the grounds of this motion being that the action could not be maintained because the lessor, Leon Lewis, the only person in whom the demise was alleged, was deceased.

The petition in ejectment being in the fictitious form, the real party plaintiff is the lessor, Leon Lewis. The only demise alleged or proven was from Leon Lewis. The undisputed evidence shows that he was deceased at the time of the trial. Though the action did not abate by reason of his death, where his personal representative was not a party to the action, no recovery can be had on his demise, except as to costs. *Watson v. Tindal*, 24 Ga. 494, 504 (5) (71 AD142) ; *Doe ex dem. v. Lewis*, 29 Ga. 45, 48 (2). A dead person cannot appear as a party, real or nominal, in any action. Compare *Field v. Martin*, 46 Ga. 99, 100; *Jones & Alford v. Tarver*, 19 Ga. 279 (6) ; *Goodtitle v. Watson*, 20 Ga. 135 (1) ; *Head v. Driver*, 79 Ga. 179 (1) (3 SE 621) ; and *Roberts v. Tift*, 136 Ga. 901, 904 (1) (72 SE 234).

It thus appearing that the only real party plaintiff was dead at the time of the trial, and the only verdict and judgment that the nominal plaintiff was entitled to was one for costs, the court erred in directing a verdict for recovery of the premises in question and issuing a writ of possession. The court did not err in

denying a motion for a new trial, but did err in not setting aside the judgment in so far as it decreed a recovery of the premises and a writ of possession. The judgment denying the motion for a judgment notwithstanding the verdict is affirmed, with direction that the court vacate and set aside from its decree the recovery of the premises in dispute, the order for the issuance of the writ of possession, and leave the decree only that the plaintiff recover of the defendants the sum of $34.50 for costs.

The plaintiffs in error having obtained a substantial relief from the judgment of the trial court, costs for bringing the case to this court and costs in this court are assessed against the defendant in error.

*Judgment affirmed with direction. All the Justices concur.*