## CLARK BROTHERS v. WYCHE.

1. Where a person by an assumed or trade name sues another, and the judgment of the court goes in favor of the defendant, the judgment will be binding on the person suing, and such person will afterwards, in her real name, be estopped from denying the validity of the judgment.

2. In such case, where the defendant by plea of recoupment recovered a judgment against the plaintiff in her assumed or trade name only, and sought to enforce the collection of the judgment by garnishment, and the plaintiff, under her real name, claimed the property garnished, attacking the judgment in favor of the defendants as void for want of a proper party plaintiff, and not binding upon her, it was erroneous for the court to sustain the contention of the plaintiff and dismiss the garnishment proceeding.

Submitted January 23,—Decided July 28, 1906.

Garnishment and claim.    Before Judge Wright.    Floyd superior court.    July 11, 1905.

It was admitted by the defendant in error during the trial of this case "that the George Foundry and Machine Works was not a corporation, but that Mrs. C. M. Wyche conducted business under the name and style of George Foundry and Machine Works." The evidence upon the trial further showed that Clark Brothers delivered to the machine works for repair certain machinery. After it was repaired they executed a mortgage thereon to secure payment of the charges for repair. The mortgage did not disclose the true name of Mrs. Wyche, but only the business name above expressed. After default in the payment of the secured debt, foreclosure of the mortgage was commenced. In this proceeding only the business name was employed in describing the plaintiff in foreclosure. Clark Brothers filed a plea of recoupment, and, after litigation, obtained a verdict in their favor for a sum in excess of the demand of the plaintiff. The real name of Mrs. Wyche still did not appear. After obtaining the verdict and entering judgment and execution thereon, Clark Brothers sought to enforce the collection of the same by garnishment. Mrs. Wyche in her true name claimed the fund sought to be garnished and resisted the judgment upon which the garnishment was based, upon the grounds: (a) That it was void for the reason that in the mortgage foreclosure proceeding there was no legal entity as a party plaintiff. (b) That whether the judgment be legal or void against the George Foundry and

Machine Works, it was not binding upon her individually, for the reason that she was not a party to the suit and was not bound. The case by consent being submitted to the court without the intervention of a jury, it was in effect held that the judgment in favor of Clark Brothers was void, and the garnishment proceeding was dismissed. The plaintiffs in the garnishment excepted.

*C. E. Carpenter* and *Griffith & Weatherly,* for plaintiffs.

*M. B. Eubanks,* for defendant.

ATKINSON, J. The only reasonable construction of the evidence leads to the conclusion that Mrs. Wyche conducted the foundry and machine works, employing the assumed name merely for the purposes of convenience. It was her business and she was the real person at interest. The fact that she conducted the business under a separate name rendered the business no less her individual enterprise, and rendered her no less responsible for its obligations. Under circumstances such as connect Mrs. Wyche with the George Foundry and Machine Works as indicated by the record in this case, the presumption is that the taking of the mortgage and proceeding to foreclose the same was at her instance and direction. It was competent for her to assume any business name which she desired, and any contract which she may have made thereunder will be binding upon her. So if she sues under that name she would afterwards be estopped from denying the binding effect of the judgment should the result be unfavorable to her. "There is nothing so sacred in a name that right and justice should be sacrificed to its sanctity." 14 Enc. Pl. & Pr. 278. "If the true owner conveys property by any name, the conveyance as between the grantor and grantee will transfer the title." Fallon *v.* Kehoe, 38 Cal. 44, 99 Am. Dec. 347, and cases cited in note. So it is not so much the name but the identity of the person who causes the name to be employed that is the main question. In Fallon's case, supra, it is said: "It would have been better, perhaps, if the statute had contained a provision to the effect that when the owner of land conveys it by a different name from that in which he acquired it, the deed should contain a proper reference to that fact, for the security of subsequent purchasers or encumbrancers. But there is no such requirement in the statute or at common law, and we have no power to exact conditions not found in the law. If land be conveyed to an unmarried woman, who afterward marries and becomes

a widow, and then conveys the land by her last name, there can be no doubt that the record of the deed would impart notice to a subsequent purchaser; or if the name of the owner be changed by act of the legislature, and he afterwards conveys by his new name, we apprehend there can be no doubt, as the law now stands, that his deed, when recorded, would impart notice." Again, "One may sue and recover a valid judgment in any assumed name if he be the identical person in whose favor the cause of action exists." Baumeister *v.* Markham, 101 Ky. 122, 39 S. W. 844, 72 Am. St. R. 409, and notes. If Mrs. Wyche under the assumed name caused the foreclosure proceeding to be instituted in that name, the proceeding, so far as she is concerned, would not be wanting in respect to a real party plaintiff, and she would, after judgment, be estopped to raise the point that the suit was not brought in the name of a natural person, a partnership, or a corporation. She is capable of suing. By her true name or whatever name she adopts, the suit will be sufficient to bind her whenever it appears that it is instituted at her instance. It is not a question of fictitious parties. The parties are real, one acting under an assumed name, but nevertheless a real party. Under the admission and the presumption arising thereunder that learned counsel in good faith prosecuted the mortgage foreclosure at the instance and request of Mrs. Wyche, she will be regarded as the real party plaintiff and held bound by the judgment rendered in that proceeding. It happens that the defendants recovered a judgment in that case against the plaintiff, not under her real, but under her assumed name. When it comes to enforce that judgment, she will be estopped in her true name or any other name from denying its validity. It follows, therefore, that with reference to Mrs. Wyche the judgment in favor of Clark Brothers is binding and enforceable. The trial court erred in ruling to the contrary. See, in this connection, Sparks *v.* Dispatch Transfer Co., 104 Mo. 531, 24 Am. St. Rep. 351.

This case is in no way controlled by the cases of *Barbour* v. *Albany Lodge,* 73 *Ga.* 474; *Thurmond* v. *Cedar Spring Baptist Church,* 110 *Ga.* 816; *Mutual Life Ins. Co.* v. *Inman Park Presbyterian Church,* 111 *Ga.* 677; *Wynn* v. *Richard Allen Lodge,* 115 *Ga.* 796. The distinction is apparent. In each of those cases there was the absence of a real party acting under an assumed name. It was really the case of suing a fictitious person as de-

fendant. The case at bar is one where the real person sues under an assumed name, and is estopped from denying the validity of the judgment. The distinction is manifest between the case at bar and the case of the *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774, and the other cases there cited, because the point was there raised before judgment, and did not involve the law of estoppel by judgment.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*