### 5202. HILL *v.* ARMOUR FERTILIZER WORKS.

1. As against an appropriate demurrer, a suit brought in a name which imports neither a natural person nor a corporation, nor a partnership, is a mere nullity. In this State a suit can be maintained only by or in behalf of a natural or an artificial person, or a quasi-artificial person— such as a partnership; though a judgment obtained without any objection to the failure of the petition to disclose the legal entity of the plaintiff would be good if the name imported a corporation or a partnership. The name "Armour Fertilizer Works" can not be fairly said to import a corporation or a partnership, without further description of its legal entity; and the defendant having challenged by demurrer the validity of the suit against him, the action should have been dismissed.
2. The error in the ruling upon the demurrer being controlling, the further proceedings in the trial were nugatory, and the remaining assignments of error will not be considered.

DECIDED DECEMBER 9, 1913.

Action on guaranty; from city court of Ashburn—Judge Tipton. March 28, 1913.

*A. S. Bussey, J. A. Comer,* for plaintiff in error.
*W. T. Williams,* contra.

RUSSELL, C. J. The plaintiff in error was sued upon a note and an alleged contract of guaranty. The contract of guaranty, however, was not set out in the petition or attached thereto. He demurred to the petition, on numerous grounds, and his demurrer was overruled. Exceptions to the ruling on the demurrer were preserved pendente lite. The trial resulted in a verdict in favor of the plaintiff for $778.49. The defendant moved for a new trial, which was refused, and error is assigned here both upon the judgment overruling the demurrer and upon that refusing a new trial. In the view we take of the case it is not necessary to deal with any of the assignments of error contained in the motion for a new trial, or to consider more than one of the grounds of the demurrer.

The defendant demurred to the petition, on the ground that the words "Armour Fertilizer Works" did not import a corporation or a partnership, and that the suit was therefore a nullity. Counsel

for the defendant in error cites rulings of the Supreme Court in *Wilson* v. *Sprague Mowing Machine Co.*, 55 *Ga.* 673; *St. Cecilia's Academy* v. *Hardin*, 78 *Ga.* 39, 40 (3 S. E. 305); *Maddox* v. *State*, 115 *Ga.* 213 (7), 219 (41 S. E. 709). In our opinion the decision in the present case is absolutely controlled by the ruling of the Supreme Court in *Western & Atlantic Railroad Co.* v. *Dalton Marble Works*, 122 *Ga.* 774 (50 S. E. 978), in which Chief Justice Simmons referred to the cases cited by counsel for defendant in error and drew the distinction (which would in any event be quite apparent) that in the cases cited the objection was not raised until after the judgment had been obtained. In the present case a timely and appropriate demurrer presented the point to the court. Furthermore, in the *Dalton Marble Works* case, supra, the court held in terms that the form of description employed in that case "can not be fairly said to import a corporation or partnership, without further description of its legal entity;" and the descriptive title "Dalton Marble Works" is as nearly identical with the words employed to describe the plaintiff in this case as is possible where exactly the same words are not used.

It is well settled, by the decisions of the Supreme Court, that no suit can be lawfully prosecuted in this State save in the name of a plaintiff having a legal entity, either as a natural or as an artificial person, or a quasi-artificial person—such as a partnership. To the same effect is the ruling of this court in *Knox* v. *Greenfield Estate*, 7 *Ga. App.* 305 (66 S. E. 805), in which the action of the lower court in nonsuiting the plaintiff was affirmed upon the ground that there was no real defendant in the action. In *Roberts* v. *Tift*, 136 *Ga.* 904 (72 S. E. 235), Chief Justice Fish, delivering the opinion of the court, says: "This court has frequently decided that a suit can be maintained only by or in behalf of a natural or artificial person, and that where an action is instituted by one not having capacity to sue, the proceeding is a mere nullity, and contains nothing to amend by." In *Wilson* v. *Sprague Mowing Machine Co.*, supra, it was held that "a corporation, in an action on contract, need not set out in the declaration how, or by what authority, it was incorporated, nor aver itself to be a corporation," and that "if it were proper to do so, and the omission were defective, the defect would be amendable." And we understand from this that where the name of the ostensible plaintiff imports a corporation, it

is not necessary to allege how, when, or where it was incorporated, and that if it should become necessary to state the facts in these particulars, the declaration may be amended. That case is cited and relied upon by counsel for the defendant in error; but in view of the distinct ruling of the Supreme Court in *Western & Atlantic Railroad Co.* v. *Dalton Marble Works,* supra, and the similarity of the latter case to this case, the ruling in *Wilson* v. *Sprague Mowing Machine Co.,* supra, is not applicable, for the words "Armour Fertilizer Works" do not import a corporation. To so import a corporation as that the courts will take judicial knowledge thereof, the name assumed by a party to a suit must be such as to imply a religious, charitable, or educational institution, or financial, commercial, or manufacturing organization, or other organization which is the usual subject of incorporation. In *St. Cecilia's Academy* v. *Hardin,* supra, it was also held that where a final judgment has been rendered in a case in which the plaintiff's name imports a corporation, but there is no allegation that the plaintiff is a corporation, the judgment is not void, nor voidable. It will be noted, however, that in that case the judgment of the Supreme Court was controlled by two facts,—that the name of the plaintiff imported a corporation, and that the objection to the failure to allege that it was a corporation came after the judgment, and was therefore too late. And the subsequent rulings of the Supreme Court in *Anderson* v. *Brumby,* 115 *Ga.* 649 (42 S. E. 77), *Mutual Life Co.* v. *Inman Park Church,* 111 *Ga.* 677 (36 S. E. 880), *Wynn* v. *Richard Allen Lodge,* 115 *Ga.* 796 (42 S. E. 29), *Clark* v. *Wyche,* 126 *Ga.* 24, 26 (54 S. E. 909), and *Roberts* v. *Tift,* supra, as well as the fact that in *Western & Atlantic R. Co.* v. *Dalton Marble Works,* supra, it was held that a practically identical denominative term did not import either a corporation or a partnership, compel us to hold that the court erred in not sustaining the demurrer and dismissing the petition.

Since the ruling upon the demurrer, in accordance with the holdings announced above, would have worked a final disposition of the present suit, the further proceedings in the trial were nugatory, and the remaining assignments of error need not be considered.                                    *Judgment reversed.*