### 8426.   HILL *v.* ARMOUR FERTILIZER WORKS.

JENKINS, J.   1.   If a court of competent jurisdiction, in dismissing a suit on demurrer, necessarily decides upon the merits of the case, the decision, as between the same parties and upon the same subject-matter, may be pleaded in bar of another suit. *Fain* v. *Hughes,* 108 *Ga.* 537 (33 S. E. 1012); *Black* v. *Black,* 27 *Ga.* 45; *Gray* v. *Gray,* 34 *Ga.* 499. But where a former suit was brought in a name which did not import either a natural person, a corporation, or a partnership, and in which the character of the plaintiff's entity was not shown, and where on review of that case this court held that the demurrer pointing out this defect should have been sustained, and that for the reason indicated the suit was a mere nullity (*Hill* v. *Armour Fertilizer Works,* 14 *Ga. App.* 106, 80 S. E. 294), this does not amount to a former adjudication of the merits of the case so as to bar another suit brought by the same plaintiff as a corporation against the same defendant, based upon the same claim.

2. Where one submits to another a contract of employment, whereby the former agrees to ship goods to the other as his salesman on commission, with the stipulation that the latter is to guarantee the purchase-price of all goods shipped, by giving to the employer his note in the amount of the purchase price thereof, and where the agreement contains a provision that it is made subject to the approval of the home office of the employer, the contract does not ordinarily become operative until the condition as to acceptance has been complied with. But where, without notice of such formal acceptance, the salesman and guarantor proceeds to order out goods under the contract, and the goods are shipped by the employer as directed, and the note covering and guaranteeing the purchase price as provided by the contract is actually made and delivered, the contract of guaranty will be considered as complete and executed, and, upon a suit upon the note so given, the maker will not be permitted to avoid the same by reason of the employer's failure to furnish the formal notice of acceptance under the original contract.

3. The fact that a portion of the amount covered by the note represented the purchase-price of goods sold by the agent to persons residing beyond the limits of the territory contemplated by the contract of employment should not be held as constituting a valid defense is such a suit.

4. The evidence complained of in the 4th and 5th grounds of the motion for a new trial was not irrelevant, in view of the defense made under the amended plea of the defendant.

5. The admissions made by the plaintiff in the trial of the former case, relative to the amount due on the note now sued on, while admissible in evidence against him in the subsequent suit, are not absolutely binding and conclusive against him; and the evidence given in the present suit being sufficient to disprove, rebut, or explain the same, and to authorize the verdict now rendered, the verdict will not be disturbed. *Luther* v. *Clay*, 100 *Ga.* 236 (3.) (28 S. E. 46, 39 L. R. A. 95); *King* v. *Shepard*, 105 *Ga.* 473 (30 S. E. 634).

       *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

           DECIDED SEPTEMBER 19, 1917.

Complaint; from city court of Ashburn—Judge Tipton. December 24, 1916.

*A. S. Bussey,* for plaintiff in error.

*W. T. Williams, John B. Hutcheson,* contra.