## ROURKE *v.* O'NEILL.

1. The judgment of the court below in effect ruled adversely to the plaintiff in error upon the question as to whether or not there was a contract by which the applicant, the father of the child in question, surrendered and lost his parental right to have possession, custody, and control of the minor child.

2. Under the evidence in the case the court did not err in awarding the child to the custody of the father.

No. 1819. June 16, 1920.

Habeas corpus. Before Judge Meldrim. Chatham superior court. December 18, 1919.

On November 18, 1919, John J. O'Neill filed his petition to the superior court, for the writ of habeas corpus, seeking to recover the custody of his minor son, John J. O'Neill Jr., from Mrs. Johanna Rourke, the mother of the deceased wife of petitioner. On the date at which the writ was made returnable the respondent appeared and filed her answer to the petition. In her answer Mrs. Rourke admitted, that the minor child was in her custody, control, and possession and that he had been living with her for some time. She denied that she was illegally detaining the child, and claimed that she was lawfully and properly in possession of him. She based her right to the continued custody of the child on the ground that this would be to the interest of the child; and also upon an alleged contract, averring that the petitioner had released his parental right to the child to the respondent. She specifically alleged, that, "within a few days of the death of her daughter, the mother of the child, and during her last illness (as respondent now recollects it was on the Wednesday preceding her death, she having died on the following Saturday) her daughter at her home in Savannah, Geor-

gia, asked respondent to take and rear her child, and to so promise her. Respondent at first tried to reassure her that she would not die, but her daughter insisted that she make the promise, and respondent did promise her daughter to take and rear the child. At that time the child was at respondent's home on Gaston Street." Subsequently to petitioner's return from a visit of about two weeks in Florida, respondent mentioned the request of her daughter and respondent's promise to the daughter. "There was no immediate agreement at that time by the petitioner, but he went off and came back the same evening and then informed respondent that he agreed to her having and rearing the child; that he was largely controlled by what he knew were his wife's wishes; and besides this, he said, he thought it was best for the child. This was said in the presence of witnesses, and respondent understood that the agreement was then and there fully and definitely made. During the conversation petitioner asked if it was necessary for him to give a writing as to turning over the child, and was informed that it was not necessary, as respondent believed he would adhere to the agreement. Respondent further says that under the said agreement the child remained in the possession, custody, and control of this respondent until on or about the 18th day of August last. Respondent, under this agreement, looked after the child and took care of him and bore his expenses as fully and as completely as if the child had been her own, and any expenses paid by the father must have been very small — certainly the bulk of them were borne by respondent."

After evidence was submitted and argument heard, the court rendered the following judgment (omitting certain conditions imposed by the order upon the petitioner, which it is not necessary to consider) : "I have read the evidence and do not deem it necessary to state it. I have considered the briefs, the last of which was submitted on the 16th inst., and do not deem it necessary to review the authority. In all writs of habeas corpus sued on account of the detention of a child, the court may exercise its discretion as to whom the custody of such child should be given. After all that has been said the section of the code controls. The only question then is, to whom should the custody of this child be awarded, regard being had to the rights of the father and the interest and welfare of the child. In the exercise of the discretion devolving on me the custody of the infant is awarded to the petitioner." The

respondent in the habeas-corpus proceeding excepted to the judgment, on the ground that the same " is contrary to law and contrary to the evidence, and that under the evidence the respondent is entitled to the custody of the child, and the court erred in not awarding the custody to the respondent, and in holding that the petitioner is entitled to the custody."

*Adams & Adams*, for plaintiff in error.

*Hilch & Denmark* and *O'Byrne, Hartridge & Wright*, contra.

BECK, P. J. (After stating the foregoing facts.) The plaintiff in error contends that the court below did not pass upon the contract set up in the answer of the respondent in the habeas-corpus proceedings, and that the case stands in this court free from any presumptions that would be incident to an adverse finding by the court below as to this question; and she insists that the contract had been proved, and, having been proved, that all the rights of the father had been transferred to her; that she then stood in "loco parentis;" that she had never surrendered this right, and the court was without discretion to take the child from her, there being no question as to her fitness for its custody; and that this court must pass upon the question as to the proof of the contract as a de novo question. . . .

We are of the opinion that the judgment of the court is adverse to the plaintiff in error upon all the controlling questions in the case. If it be admitted that the testimony of the respondent and the corroborating evidence of witnesses introduced by her would have established a contract had it not been controverted, nevertheless the evidence tending to establish the alleged contract was controverted by the plaintiff, and his testimony upon the subject of the contract made an issue of fact which it was competent for the trial judge to dispose of. It is true that in his order the judge does not expressly refer to the issue as to whether there was a contract or not; but his order sustaining the petition in the habeas-corpus proceedings is necessarily a finding against the plaintiff in error on the question of a contract. It is also true that the trial court did briefly refer to the law allowing the exercise of the judge's discretion, but that does not exclude the idea of holding against the contention of the plaintiff in error as to the existence of a contract. It was not necessary, in passing the order, for the judge to expressly refer either to his discretion or to other issues

made. His judgment in the case could have been within the compass of a single sentence: a mere statement that he awarded the custody of the child to his father, the applicant, would have disposed of all issues made by the petition and answer. There was evidence sufficient to authorize the judge to find that the alleged contract had not been entered into by the applicant, and to authorize the exercise of the court's discretion in favor of the father upon the question of the custody of the child. No reason is shown in this record why this court should disturb the judgment of the trial court. *Judgment affirmed. All the Justices concur.*