## ESLINGER *et al.* v. HERNDON.

1. The complainant had a complete and adequate remedy by claim, and for this reason was not entitled to an injunction to restrain the sale of his property levied upon under an execution against the Herndon Motor Company, there being no allegation in the petition that the petitioner was the defendant in execution.
2. The petition made no case for cancellation of the bond given by the complainant in the name of the Herndon Motor Company for the forthcoming of the property levied upon at the time and place of the sale.
3. The court below erred in overruling the demurrer to the petition.
4. A judgment rendered against a person in his assumed or trade-name is not void.
5. The court erred in directing a verdict for the plaintiff.

No. 4096.  SEPTEMBER 2, 1924.

Equitable petition.  Before Judge Tarver.  Whitfield superior court.  November 24, 1923.

*William E. & W. Gordon Mann,* for plaintiff in error.

*J. A. McFarland* and *F. K. McCutchen,* contra.

HINES, J.  E. O. Herndon filed his petition against Carl Eslinger, Gordon Mann, and J. M. Weaver, in which he made these allegations:  On March 7, 1923, J. M. Weaver, as constable, levied an execution in favor of Carl Eslinger against Herndon Motor Company, on petitioner's tools located in his garage on Gordon Street in the City of Dalton, Ga., and forced him to sign a bond by the name of Herndon Motor Company, for the forthcoming of said tools, to prevent the closing of his garage and repair-shop.  This execution was issued upon a judgment entered against the Herndon Motor Company as garnishee in the case of Carl Eslinger against Henry Dollar, at the December term, 1922, of the justice's court for the 872d district of Whitfield County,

Georgia. No summons of garnishment was issued against petitioner, and he was not, at the time of the rendition of said judgment, indebted to Dollar in any amount whatever. The Herndon Motor Company is neither a natural nor artificial person, being neither a partnership nor a corporation; and the judgment and execution issued thereon are null and void, and the levy of the execution on his property is illegal. He prayed, that Eslinger, Mann as attorney for plaintiff in fi. fa., and the constable be enjoined from proceeding with the levy and sale of his property under said execution, that the judgment be set aside, that the bond petitioner signed be declared null and void and surrendered up and canceled; and for general relief.

The defendants demurred to the petition, on the grounds: (1) that it sets forth no cause of action, (2) that it sets forth no reason why an injunction should issue, (3) that plaintiff has a complete and adequate remedy at law, and (4) that there is no equity in plaintiff's petition. The trial judge overruled the demurrer, and the defendants excepted pendente lite to this judgment. They assign error on these exceptions in this court.

1-3. The case made by the petition is a simple one. An execution which had issued upon a judgment rendered against the Herndon Motor Company was levied upon the goods of E. O. Herndon, and the defendant was forced to give a bond for their forthcoming at the time and place of sale, in order for Herndon to retain possession of this property. Thereupon Herndon filed a petition against the plaintiff in execution, his attorney, and the levying constable, to enjoin the sale of his goods under the levy, and to have canceled said bond for the forthcoming of this property at the time and place of sale. To this petition the defendants demurred on the grounds set out above. The question is, did the judge err in overruling the demurrer? Herndon had a complete and adequate remedy at law by claim, if he was not the defendant in execution, and in such case he was not entitled to an injunction to restrain the sale of his goods under the levy of this execution against the Herndon Motor Company. *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113) ; *Johnson* v. *Gilmer,* 113 *Ga.* 1146 (39 S. E. 469) ; *Douglas* v. *Jenkins,* 146 *Ga.* 341 (91 S. E. 49) ; *Williams* v. *Smith,* 148 *Ga.* 615 (97 S. E. 670). A claimant may resist the levy on the grounds that the

judgment upon which the fi. fa. is based is void. *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951).

The only other relief which the plaintiff seeks is that of the cancellation of the bond for the forthcoming of this property at the time and place of sale. It does not require argument or citation of authorities to demonstrate that the plaintiff makes no case for cancellation. The demurrer to the petition should have been sustained, and the petition dismissed.

The case proceeded to trial, and the evidence disclosed these facts: E. O. Herndon did business under the trade-name of Herndon Motor Company. Eslinger sued Dollar in the justice's court, and sued out a summons of garnishment directed to the Herndon Motor Company, which was served personally upon Herndon. No answer was made to the summons. Judgment was rendered in the justice's court against Dollar; and thereafter a judgment was rendered by default against the Herndon Motor Company. Execution issued upon this judgment against the Herndon Motor Company, and was levied upon goods belonging to E. O. Herndon. In order to keep possession of these goods, Herndon was required by the levying constable to give a bond for their forthcoming at the time and place of sale. This he did. Herndon was not indebted to Dollar at the time the summons of garnishment was issued.

At the conclusion of the evidence, the judge directed a verdict in favor of the plaintiff, holding that the judgment against the Herndon Motor Company, the same being neither a partnership nor a corporation, was void; and that Herndon, not having been sued as such, was not liable under the judgment rendered against the Herndon Motor Company. Thereupon the defendants moved for a new trial on the grounds: (1) that the court erred in permitting Herndon, over objection of counsel for the defendants, to testify that the goods levied on were his, the objection being that this evidence was immaterial and irrelevant, as petitioner had a remedy at law by claim, and because the only question involved was whether the judgment was legal; (2) that the court erred in allowing Herndon, over objection of counsel for the defendants, to testify that he did not owe Dollar anything at the time of the summons of garnishment, on the ground that this evidence was immaterial and irrelevant; and (3) that the court erred in hold-

ing that the judgment against the Herndon Motor Company was void because it was neither a partnership nor a corporation, and that Herndon was not liable thereon because he had not been sued in his own name. The court overruled the motion for new trial; and to this judgment the defendants excepted. We think the judge erred in admitting the evidence aforesaid, and in directing a verdict in favor of the plaintiff.

4. Was the judgment rendered against the Herndon Motor Company, the assumed or trade-name of petitioner, void because the defendant was not a legal entity? The trial judge held that, because this defendant was neither a corporation nor a partnership, the judgment rendered was void and not binding upon the petitioner, as he was not sued by his proper name, but under his assumed or trade-name. We do not think that this ruling was sound. Beyond doubt no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or artificial person; and no suit can be brought except against a defendant having a legal entity, either as a natural or artificial person. *Barbour* v. *Albany Lodge,* 73 *Ga.* 474; *Thurmond* v. *Cedar Spring Baptist Church,* 110 *Ga.* 816 (36 S. E. 221); *Mutual Life Ins. Co.* v. *Inman Park Presbyterian Church,* 111 *Ga.* 677 (36 S. E. 880); *Anderson* v. *Brumby,* 115 *Ga.* 644 (42 S. E. 77); *Wynn* v. *Richard Allen Lodge,* 115 *Ga.* 796 (42 S. E. 29); *Western &c. R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978); *Hill* v. *Armour Fertilizer Works,* 14 *Ga. App.* 106 (80 S. E. 294). In other words, if either party to a suit is not a legal entity, if there is no such person in esse, the suit cannot be maintained, and a judgment rendered for or against such person is a nullity.

But the question for decision in this case is this: If a person sues or is sued under his assumed or trade-name, and a judgment is rendered for or against him in such proceeding, is the judgment void because he did not sue or was not sued by his proper name? Is the plaintiff so suing, or the defendant so sued, estopped from denying the validity of the judgment and its binding force against him? We think that a judgment rendered against a plaintiff, when he sues in his assumed or trade-name, is binding upon him. This is distinctly ruled in *Clark* v. *Wyche,* 126 *Ga.* 24 (54 S. E. 909). If one may sue and recover a valid judgment under an

assumed name, if he be the identical person in whose favor the judgment is rendered, we see no reason why a valid judgment cannot be obtained against a defendant who is sued in his assumed or trade-name, if he be the real person who is sued as the defendant. As was said in *Clark* v. *Wyche,* supra, "It is not a question of fictitious parties. The parties are real, one acting under an assumed name, but nevertheless a real party." In the instant case the defendant was a real person doing business under a trade-name. When he was sued under his assumed or trade-name, the suit was brought against a legal entity and natural person; and the fact that he was sued under his trade-name, and not by his proper name, does not render the judgment void. If the point had been raised before the judgment, the question would be different. In *Clark* v. *Wyche,* this court said: "The case at bar is one where the real person sues under an assumed name, and is estopped from denying the validity of the judgment. The distinction is manifest between the case at bar and the case of *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774, and the other cases there cited, because the point was there raised before judgment, and did not involve the law of estoppel by judgment." The same distinction can be drawn between the instant case and that of *Hill* v. *Armour Fertilizer Works,* supra.

This proceeding could have been amended by inserting the name of "Herndon doing business as Herndon Motor Company." This would not have been the making or substituting of a new party, which is condemned by section 5683 of the Civil Code, but would be the mere correction of a name, which is permissible under section 5686, which declares that "All misnomers, whether in the Christian name or surname, made in writs, petitions, bills, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." Under a statute similar to the section just quoted, the Supreme Court of Nebraska held that a suit instituted in the name of the Omaha Furniture & Carpet Company could be amended by substituting the sole proprietor of the business conducted under the name of the Omaha Furniture & Carpet Company, and that this would not have added a stranger or new party, but would be a mere correction of the name of the plaintiff. *Omaha Furniture & Carpet Co.* v. *Meyer,*

80 Neb. 769 (115 N. W. 310). In *Haynes* v. *Armour F. Works,* 146 *Ga.* 832 (92 S. E. 648), suit was brought in the name of the Armour Fertilizer Works, and a judgment was rendered in favor of this plaintiff. There were no descriptive words to explain whether the Armour Fertilizer Works was a corporation or other legal entity. Execution on this judgment, issued in favor of the Armour Fertilizer Works, was levied, and a claim was interposed. This court held that both the defendant and claimant were bound by this judgment, and that the claimant could not attack it on the ground that it was a mere nullity.

5. So we are of the opinion that when E. O. Herndon was doing business under the trade-name of Herndon Motor Company, and a summons of garnishment was directed to the Herndon Motor Company and personally served on Herndon, and judgment was subsequently obtained in the garnishment proceeding against the Herndon Motor Company, such judgment was not a nullity and was binding upon Herndon, who was the real person to whom the summons was directed. It follows that the trial judge erred in holding that this judgment was a nullity, and in directing a verdict for the plaintiff.

*Judgment reversed. All the Justices concur, except*

RUSSELL, C. J., dissenting. I cannot concur in the opinion and judgment of the majority. I cannot consent to hold that a defendant can be held as well under any other name as under his own. The cases cited in the opinion of the majority, and especially that of *Clark* v. *Wyche,* 126 *Ga.* 24, are based upon the principle of estoppel. They are cases in which a plaintiff sued under an assumed name, and then attempted to avoid a judgment obtained by the defendant on a plea of set-off. Of course in that instance, as properly held in the case of *Clark* v. *Wyche,* under common principles of justice the plaintiff was estopped to deny the name which he himself had assumed in the litigation. All the cases cited are cases of plaintiffs. The case before us is one of a defendant, and I esteem it to be well settled that a court cannot have jurisdiction of any defendant except in one of three capacities,—either as a natural person, an artificial person such as a corporation, or a quasi-artificial person such as a partnership. There would be no value in a name and no method of establishing the identity of a person against whom a judgment may be sought

to be obtained, if any other name would do for a defendant. In law a rose by any other name would not smell as sweet. Granting that a defendant may be sued in his trade-name, still his real name must appear, followed by his trade-name under which he does business; or at least this has been the uniform practice in such instances. I consider the ruling in this case absolutely controlled by the decision of this court in *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774, in which Mr. Chief Justice Simmons draws the distinction between cases of estoppel by the plaintiff using a name of his selection and the ever-essential right of the defendant to be sued in a name which imports without question either an individual, a corporation, or a partnership. See also *Hill* v. *Armour Fertilizer Works,* 14 *Ga. App.* 106, and citations. One of the decisions upon which the opinion of the majority is based was by four Justices, and another was by five. But in a full-bench case, *Anderson* v. *Brumby,* 115 *Ga.* 644, 649, it was said: "This court is fully committed to the proposition that no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or as an artificial person." As said in *Western & Atlantic R. Co.* v. *Dalton Marble Works,* supra: "In every suit brought in this State there must be a real plaintiff and a real defendant. The plaintiff or the defendant may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, a corporation, nor a partnership, it is a mere nullity." Conversely, a suit brought against a defendant in "a name which is neither that of a natural person, a corporation, nor a partnership, is a mere nullity." I think the majority of the court have confused the idea of estoppel in the *Clark* case, supra, which arose from the conduct of the plaintiff in that case in suing under an assumed name, with an assumed estoppel against the defendant in this case because he was handed a summons of garnishment directed in the name in which he conducted his business. Unlike the plaintiff in the *Clark* case, he is not estopped, in my opinion, by reason of the circumstance to which I have referred, to assert his right to be brought into court in the usual manner and to be told that he was the defendant who was being sued, although the suit might be brought against him as trading under the name of Herndon Motor Company.

I think there was equity in the bill, because it is well settled that no one but the defendant in fi. fa. can file an illegality; and if by any reason he could be held as Herndon Motor Company, E. O. Herndon was certainly not the defendant in fi. fa. See *Artope* v. *Barker,* 72 *Ga.* 186; *State* v. *Sallade,* 111 *Ga.* 700 (36 S. E. 922) ; *City of Atlanta* v. *Seaboard Air-Line Railway,* 137 *Ga.* 805 (74 S. E. 268) ; *Georgia Railway & Electric Co.* v. *City of Atlanta,* 144 *Ga.* 722 (87 S. E. 1058). As said by Mr. Justice Hill in *City of Atlanta* v. *Seaboard Air-Line Railway,* supra, "nobody but the defendant in execution can file an affidavit of illegality—a third person cannot interpose an illegality." If indeed, as argued by the majority, E. O. Herndon and Herndon Motor Company are to all intents and purposes the same, and the phrase "Herndon Motor Company" indubitably refers to E. O. Herndon, it does not seem to me that it would follow that there would be a remedy by claim; for the right of a defendant in fi. fa. to appear as a claimant and thereby relieve himself from a valid judgment against his property is as yet unheard of.