BAILEY *et al. v.* WARLICK.

No. 14601.    OCTOBER 5, 1943.

646

*P. T. Hipp* and *L. L. Meadors,* for plaintiffs in error.

*Wyatt & Morgan* and *Wright Lipford,* contra.

BELL, Chief Justice. (After stating the foregoing facts.) As appears above, the judge in one order denied the special plea to the jurisdiction, and in a separate order awarded the custody of the child to the plaintiff. The bill of exceptions assigns error only upon the judgment awarding custody.

■ "The Supreme Court . . shall not decide any question unless it is made by a specific assignment of error in the bill of exceptions. . ." Code, § 6-1607. Accordingly, no decision is required or would be authorized by this court on the question of jurisdiction, as raised by such special plea. *Sanders Manufacturing Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (3), 563 (35 S. E. 777). But, on the question of jurisdiction, see *Owens* v. *Owens,* 191 *Ga.* 568 (13 S. E. 2d, 348) ; *Jackson* v. *Anglin,* 193 *Ga.* 737 (19 S. E. 2d, 914). While the answer also referred to the order of the juvenile court, it could in no view be treated as res judicata, for the reason that it was entered without notice to the father and without any waiver of notice or service in so far as he

was concerned. *McAlhany* v. *Allen*, 195 *Ga.* 150 (4, 5) (23 S. E. 2d, 676).

■ "Until majority, the child shall remain under the control of the father, who is entitled to his services and the proceeds of his labor. This parental power shall·be lost by: 1. Voluntary contract, releasing the right. to a third party. . . 3. Failure of the father to provide necessaries for his child, or his abandonment of his family." Code, § 74-108. "It is expressly provided by statute that parental power over a child may be lost by 'voluntary contract, releasing the right to a third person,' and this court has so often upheld such contracts that the right to make them is no longer open to question in this State." *Lamar* v. *Harris,* 117 *Ga.* 993, 997 (44 S. E. 866) ; *Bently* v. *Terry,* 59 *Ga.* 555 (27 Am. R. 399) ; *Saxon* v. *Brantley,* 174 *Ga.* 641 (163 S. E. 504).

Although the entire evidence, except the letter, was in the form of affidavits, we may for convenience refer·to the affidavits as *testimony.* The evidence for the defendants tended very strongly to show that the plaintiff voluntarily surrendered to them custody of his infant child, to keep "as their own;" but the plaintiff testified: "Mrs. Bailey prevailed upon [deponent] to let her keep the child temporarily and until he could make arrangements to take the child himself. Mrs. Bailey first wanted both children, but deponent would not think of parting with both the children, even temporarily. That the older child remained with deponent and [deponent's] father and mother; after the baby had been with the Baileys about three months they asked deponent to allow them to adopt the child, which was refused; and arrangements were then made to take the child as deponent had originally intended." This evidence was sufficient to present an issue for determination by·the judge, as to the nature of the agreement; and this is true notwithstanding the letter written to Mrs. Bailey by the plaintiff, stating, among other things: "I just knew that some day it would have to be done and it would be easier on all of us to let you have her while she was young than to give her up later." While this letter tended not only to impeach the plaintiff as a witness, but also to prove the affirmative defense as pleaded, being, as an admission, affirmative evidence in the defendants' favor, it was not conclusive. It was not a *contract,* to be accepted and enforced unless avoided in some way, but was evidentiary and impeaching

only, and thus did not as a matter of law refute the plaintiff's sworn testimony. As to admissions, see Code, §§ 38-403, 38-420; *King* v. *Shepard,* 105 *Ga.* 473 (30 S. E. 634); *Raleigh & Gaston Railroad Co.* v. *Allen,* 106 *Ga.* 572 (32 S. E. 622); *Phœnix Insurance Co.* v. *Gray,* 113 *Ga.* 424 (2) (38 S. E. 992); *Louisville & Nashville Railroad Co.* v. *Bradford,* 135 *Ga.* 522 (5, 6) (69 S. E. 870); *Wallace* v. *Mize,* 153 *Ga.* 374 (5) (112 S. E. 724); *Carter* v. *Marble Products Inc.,* 179 *Ga.* 122 (2) (175 S. E. 480); *United States Fidelity & Guaranty Co.* v. *Clarke,* 187 *Ga.* 774 (3) (2 S. E. 2d, 608); *Hill* v. *Armour Fertilizer Works,* 21 *Ga. App.* 45 (5) (93 S. E. 511); *William Hester Marble Co.* v. *Walton,* 22 *Ga. App.* 433 (4) (96 S. E. 269); *Payne* v. *Rivers,* 28 *Ga. App.* 28 (2) (110 S. E. 45); *Buckeye Cotton-Oil Co.* v. *Malone,* 33 *Ga. App.* 519 (6) (126 S. E. 913); *Dixon* v. *Cassels Co.,* 34 *Ga. App.* 478 (2) (130 S. E. 75); 20 Am. Jur. 1048-49, § 1096; 31 C. J. S. 1022, § 270, 1164, § 380, 1178, § 382.

While the judgment awarding custody of the child to the father contained no reference to the agreement under which she was placed in the custody of the defendants, the court necessarily found against their contention as to the nature of the agreement. *Rourke* v. *O'Neill,* 150 *Ga.* 282 (103 S. E. 428).

■ The plaintiff made no attack upon fitness and ability of the defendants to care for and rear the child; but the character of the plaintiff and the suitableness of the home to which he proposed to carry the child were assailed by several of the defendants' witnesses. Witnesses for the plaintiff testified to the contrary; and the evidence, though conflicting, was sufficient to authorize a finding for the plaintiff on these issues. "The judgment of the court upon the facts, in cases of habeas corpus, is analogous to the verdict of the jury, and will not be disturbed by the reviewing court if there be enough to support it, although there may have been other testimony strongly in conflict with it." *Starr* v. *Barton,* 34 *Ga.* 99. The determination of what is for the best interests of the child is a matter resting in the discretion of the trial court; and such discretion will not be controlled by the reviewing court, unless abused. *Smith* v. *Bragg,* 68 *Ga.* 650; *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48); *Awtrey* v. *Awtrey,* 164 *Ga.* 69 (3) (137 S. E. 760). The mere fact that the father contributed nothing to the support of the child during the time she was in the custody of

the defendants did not require a finding against him. *Broxton* v. *Fairfax,* 149 *Ga.* 122, 124 (99 S. E. 292) ; *Bond* v. *Norwood,* 195 *Ga.* 383 (24 S. E. 2d, 289).

The plaintiff did not seek custody of the child by reason of any change in condition, but based his action on the right of a father to such custody where it had not been lost in one of the ways provided by law. No cause for reversal appears.

*Judgment affirmed. All the Justices concur, except Wyatt, J., disqualified.*