MOODY *v.* PIKE *et al.*

DUCKWORTH, Justice. 1. Where habeas-corpus proceedings were brought by the father of a two-year-old child against the sister of his deceased wife, who was alleged to be illegally detaining the child, and the respondent defended on the grounds, (a) that the father was not financially able to care for the child and not a fit and suitable person for its custody, (b) that he had lost his parental control by reason of his abandonment of the child and his failure to provide the necessaries of life for it, and (c) that he had allowed the respondent to take the child to her home upon the death of its mother, with the understanding that he was relinquishing his right to its custody and control, the judgment of the trial judge, unexcepted to, in awarding the child to the respondent was final and conclusive that the respondent was entitled to such custody and control and that the father had been deprived of his prima facie right to such custody and control provided by the Code, § 74-108. *Rourke* v. *O'Neill,* 150 *Ga.* 282 (103 S. E. 428) ; *Bailey* v. *Warlick,* 196 *Ga.* 642, 648 (27 S. E. 2d, 322).

2. Where, subsequently to the date of the judgment awarding the child to the respondent, a change of condition arises ·as to the suitability of the respondent to have the custody and control of the child, the father would not be barred by reason of the former judgment from prosecuting a second habeas corpus proceeding to obtain a new award of the child and to seek its custody, but in such a case he would not be prima facie entitled to its custody under the provisions of the Code, § 74-108, since by the former judgment it had been adjudicated that

he had lost his parental control. Hence, the only consideration in making the new award would be the welfare and happiness of the child, the determination of which rests in the sound discretion of the trial judge, and in the exercise of which the award might be made to a third person. Code, § 50-121; *Miller* v. *Wallace,* 76 *Ga.* 479 (2) (2 Am. St. R. 48); *Lamar* v. *Harris,* 117 *Ga.* 993 (44 S. E. 866); *Sloan* v. *Jones,* 130 *Ga.* 836 (62 S. E. 21); *Harwell* v. *Gay,* 186 *Ga.* 80, 85 (4) (196 S. E. 758); *Fowler* v. *Fowler,* 190 *Ga.* 453 (9 S. E. 2d, 760); *Durden* v. *Johnson,* 194 *Ga.* 689 (3) (22 S. E. 2d, 514).

3. Where the father brought a second habeas corpus proceeding, alleging a favorable change in his condition and present unsuitability of the respondent for the custody of the child, and the respondent admitted that because of her physical and mental condition she had become unable to properly care for the child, and prayed that it be awarded to her parents, with whom the child was then living—irrespective of whether or not the evidence was sufficient to authorize a finding that the father was a fit and suitable person to have the custody of the child, it was shown that the child was being well cared for in the home of the respondent's parents and in surroundings thoroughly conducive to its welfare, happiness, and future education. Accordingly, the award of the child to the respondent's mother until the further order of the court was not an abuse of discretion, and the judgment of the trial judge will not be disturbed.

*Judgment affirmed. All the Justices concur, except Wyatt, J., disqualified.*

No. 15333. JANUARY 11, 1946.

*Stanford Arnold,* for plaintiff.
*Meyer Goldberg* and *S. H. Dyer,* for defendants.