CARNES, now CALDWELL, *v.* CARNES.

No. 17653. ARGUED NOVEMBER 14, 1951—DECIDED JANUARY 16, 1952—REHEARING DENIED JANUARY 29, 1952.

*Rache Bell* and *Paul L. Lindsay Jr.*, for plaintiff.

*Alton T. Milam, John Ellis* and *D. C. Ireland*, for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) This is a controversy between parents over the custody of their minor children. The paternal grandparents, who were not parties to the proceeding, but who appeared and testified at the custody hearing, were awarded the custody of the children, to which ruling the mother excepted.

The first question to be determined is, whether or not under the provisions of the Code, § 74-108 (2), the mother lost paren-

tal control by consenting to the adoption of the children by a third person. The evidence on the issue as to whether the mother had relinquished parental control of the children, though conflicting, was sufficient to authorize a finding that she voluntarily consented in writing to the adoption of the children by their paternal grandparents. Hence, the primary consideration in awarding custody would be the welfare and happiness of the children, the determination of which rests in the sound discretion of the trial judge. *Moody* v. *Pike,* 200 *Ga.* 243 (2) (36 S. E. 2d, 752).

The uncontradicted evidence shows that the children have spent practically their entire lives with their paternal grandparents, who have treated them as if they were their own children and have provided a good home for them. Also, that for approximately two years prior to the filing of the last suit for divorce the children have been well cared for in the home of their paternal grandparents, and in surroundings thoroughly conducive to their welfare and happiness. The father and the mother remarried after the adoption papers were signed, and lived in the home of the paternal grandparents for about six months, but there is no evidence that the custody of the children was returned to the parents. On the contrary, the mother testified that on both occasions when she was living with the paternal grandparents they had control over her children and her husband.

Accordingly, the award of the children to their paternal grandparents until the further order of the court was not an abuse of discretion, and the judgment of the trial court will not be disturbed. *Morris* v. *Grant,* 196 *Ga.* 692 (27 S. E. 2d, 295) ; *Cons* v. *Wipert,* 207 *Ga.* 621 (63 S. E. 2d, 370).

> *Judgment affirmed. All the Justices concur.*