HEDQUIST *et al. v.* GOTTKE *et al.*

WYATT, Justice. 1. Where, in a contest between parents and the maternal aunt and her husband, the custody of a five-year-old child was awarded to such third persons by a final judgment of a court of competent jurisdiction of a sister State, such judgment was conclusive that the maternal aunt and her husband were entitled to such custody and control and that the parents had been deprived of their prima facie right to such custody under Code §§ 74-106, 74-108. *Moody* v. *Pike,* 200 *Ga.* 243 (1) (36 S. E. 2d, 752); *Peeples* v. *Newman,* 209 *Ga.* 53 (1) (70 S. E. 2d, 749).

2. Where, subsequently to the date of the judgment awarding the child to its maternal aunt and her husband, the parents brought a habeas corpus proceeding alleging a favorable change in their condition, irrespective of whether or not the evidence was sufficient to authorize a finding that the petitioners were fit and suitable persons to have the custody of the child, it was shown that the child was being well cared for in the home of the respondents in surroundings thoroughly conducive to its welfare, happiness, and future education—the award of the child to the respondents was not an abuse of discretion, and the judgment of the trial judge will not be disturbed.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating, and Head, J., who dissents.*

No. 18075. ARGUED JANUARY 15, 1953—DECIDED FEBRUARY 24, 1953— REHEARING DENIED MARCH 10, 1953.

*Johnson, Hatcher, Rhudy & Meyerson* and *Stanley P. Meyerson,* for plaintiffs in error.

*Harold Sheats* and *Paul B. Huckeby,* contra.

HEAD, Justice, dissenting. In a divorce action between the plaintiff in error and her husband in Dade County, Florida, the custody of the minor children of the parties was awarded to the plaintiff, Mrs. Virginia Hedquist, in the decree of divorce entered on July 23, 1951. Subsequently, Mrs. W. L. Hall, W. L. Hall Jr., Clyde Gottke, and Billie Gottke, as the mother, brother, brother-in-law, and sister of Mrs. Virginia Hedquist, filed a pleading entitled in the divorce cause, in which they prayed that an order be issued to the Sheriff of Palm Beach

County, Florida, to take into custody the minor children of Virginia Hedquist and her husband, Hugo R. Hedquist, and that said children be delivered to "any person, institution or agency the court may direct", and that, upon a final hearing, the court enter an order awarding the custody and control to the petitioner, Mrs. W. L. Hall. On this petition the Circuit Judge of Dade County, Florida, entered an order awarding the youngest child, Deborah Hedquist, to Billie Gottke and her husband, Clyde Gottke. In this decree the circuit judge recites that Mrs. Virginia Hedquist and Hugo R. Hedquist have remarried and are residing in Palm Beach County, and it is this last order which the majority of this court holds to be a conclusive judgment that the parents of the minor child are not entitled to her custody.

Under the law of this State no right exists in a third person to intervene in a divorce action, and particularly would this be true after a final decree had been entered and custody of the minor children of the parties fixed. *Girtman* v. *Girtman,* 191 *Ga.* 173, 178 (11 S. E. 2d, 782). But if, as pointed out in *Girtman* v. *Girtman,* supra, in division 4 of the opinion, at page 180, the pleadings of the intervenors could be classed as a habeas corpus proceeding, the Judge of the Circuit Court of Dade County would not have jurisdiction of the cause, under our law, because his own order shows that the husband, Hugo Hedquist, and his wife, Mrs. Virginia Hedquist, and their minor children were residents of Palm Beach County, Florida.

It may well be the rule in Florida (the Florida law not being pleaded or proven), that the judge granting a divorce and fixing the custody of minor children may allow the intervention of third parties after the decree, and it may be likewise the rule that he can bring the parties back into his court from the remotest section of the State for further adjudication by him, but under no circumstances would the writer be willing to concede that a circuit court judge presiding in a divorce cause in Florida has the right or authority to treat a decree granting a divorce and fixing the custody of the minor children as purely an interlocutory order or judgment. Such judgment and decree is final and conclusive on the facts as they then existed, and in any further investigation by the circuit court judge, whether by a so-called intervention, or by writ of habeas corpus, to justify modification of the original decree there must have been facts and circumstances affecting the welfare of the child since the original decree awarding custody. In the subsequent order entered on September 25, 1951, following the divorce decree and the award of custody of the minor children to the wife, the only new fact or circumstance set up in such second order or decree is that the home of Mr. and Mrs. Clyde Gottke "is a very wholesome one," and the court was "very favorably impressed by their sincerity and their solid virtues." It is true that the circuit court judge says that the home of the father and mother is no fit place in which to raise children. The facts and circumstances on which this statement or conclusion are based are not set forth, but it is presumed to be based upon facts and circumstances ascertained by the judge in the divorce proceeding, in which he awarded custody of the minor children to their mother.

The full faith and credit clause of the Federal Constitution (article 4, section 1, paragraph 1, Code, § 1-401) requires that the courts of this State give force and effect to the valid judgments of a sister State when properly authenticated. As previously pointed out, I am willing to concede that the laws of Florida may grant to a circuit court judge the right to allow an intervention in a divorce case after the cause has been fully adjudicated; and it may permit, by such intervention or by habeas corpus, the dragging of citizens, with their children, from one end of the State to the other. The laws of Florida, however, can not repeal the Divine Law, the laws of Florida can not repeal the natural law, and under these laws it is the duty, obligation, and the right of parents to have the custody of their children, to maintain, to support, to protect, and to educate them.

The full faith and credit clause requires that we should give effect to judgments and decrees from a sister State when there has been a compliance with the laws requiring authentication of such judgments and decrees. Code, § 38-627; *Atkinson* v. *Atkinson*, 160 *Ga.* 480 (128 S. E. 765). The alleged Florida decree, while pleaded, was not proven as required, was not binding, and there was *uncontradicted evidence* before the trial judge showing the fitness of the parents to have custody of their child. I therefore can find no satisfactory reason why the trial court should not have followed the natural law, which is the law of force and effect in this State.