### 20903. GREEN v. LOGGINS *et al.*

MOBLEY, Justice. In June 1957, the plaintiff filed in the Court of Ordinary of Bartow County her petition in the nature of a petition for habeas corpus, in which she sought to regain custody of her three children. On August 20, 1954, the children had been awarded to the defendant, Mrs. Nettie E. Green (now Mrs. Loggins), the plaintiff's mother-in-law, under an order of the ordinary, which provided that, pursuant to Code § 74-110, she should have the custody and control of the three children until further order of the court, "It being further provided, however, that, should the grandmother to whom the custody of the above-named minor children is now granted, determine that the circumstances surrounding the home of the mother and father of said minor children, is so changed in her opinion that it would warrant the custody, care, and control of said minor children, that the grandmoth-

er, Mrs. Nettie E. Green, is hereby authorized and directed to so surrender said minor children unto their natural parents." With the knowledge and understanding of the ordinary, Mrs. Loggins turned over the care of the children to her two daughters, the other two defendants. After hearing evidence offered by both the plaintiff and the defendants, the ordinary ruled that he was not going to change the custody of the children. The plaintiff then filed her petition for a writ of certiorari to the Superior Court of Bartow County. The judge of the superior court, after hearing evidence, affirmed the judgment of the court of ordinary and refused to grant the writ. The plaintiff excepts to this order. *Held:*

1. The evidence presented in behalf of the plaintiff was uncontradicted that, since the death of her husband in April 1956, she had led an exemplary life, that she was a fit person to have custody of her children, and that she could provide them a suitable home. The evidence was also uncontradicted that the children were well cared for and happy under the present arrangement, and that they were provided good homes with their aunts. The evidence was conflicting as to whether or not the plaintiff could properly support the children.

The plaintiff and her late husband lost the custody of their children by an order of the court of ordinary, rendered pursuant to the provisions of Code § 74-110, which provides as follows: "Whenever any child under the age of 12 years shall be brought before the ordinary of the county of such child's residence, upon the sworn allegation of any citizen . . . that such child is being reared under immoral, obscene, or indecent influences likely to degrade his moral character and devote him to a vicious life, and it shall appear to such ordinary by competent evidence, including such examination of the child as may be practicable, that by reason of the neglect, habitual drunkenness, lewd, or other vicious habits of the parents or guardians of such child, it is necessary for the protection of such child from suffering, or from degradation, that such parents or guardians shall be deprived of the custody of such child, the ordinary may commit such child to any orphan asylum or other charitable institution established according to law in this State which is willing to receive such child, or appoint a proper guardian therefor, or make such other disposition of him as now is, or may here-

after be, provided by law in cases of disorderly, pauper, or destitute children." The plaintiff having lost her parental control by virtue of that order and no longer having a prima facie right to the custody and control of her children (*Morris v. Grant,* 196 Ga. 692, 27 S. E. 2d 295), the only consideration in the instant case is the welfare and happiness of the children, "the determination of which rests in the sound discretion of the trial judge, and in the exercise of which the award might be made to a third person." *Moody v. Pike,* 200 Ga. 243 (2) (36 S. E. 2d 752). Even though the evidence showed that the plaintiff's present life was above reproach, and that she proposed to provide a good home for her children, it cannot be said that the ordinary abused his discretion in refusing to disrupt the children's lives under the present arrangement whereby one lived with the defendant, Mrs. Frances G. Evans, and the other two with the defendant, Mrs. Mary Ann Graves, since the evidence revealed that the homes in which the children were then living were conducive to their welfare and happiness. See *Moody v. Pike,* 200 Ga. 243 (3), supra.

2. At the conclusion of the evidence, counsel for both the plaintiff and the defendants announced "that was all" from their respective sides. Thereupon, the court stated: "I am just going to tell you what I have decided. Based on the evidence, it is my one-man decision that I am not going to change the custody of these children. You may take it to twelve men if you want to, but it is my one-man decision that it is the best interest of the children not to disrupt them at this time." Counsel for the plaintiff objected that he had been deprived of his right of making an argument before the court reached its decision. The court then offered to hear argument, but did not offer to withdraw its decision for reconsideration. Under the circumstances here presented, there is no merit in the contention that certiorari to the superior court should have been granted because the petitioner's counsel was denied the right to present an argument to the court of ordinary. In *Madison v. Montgomery,* 206 Ga. 199, 205 (3) (56 S. E. 2d 292), this court held that the right of argument might be waived. Here, it is not shown that counsel requested that the decision be set aside pending argument or that the ordinary refused to withdraw his decision pending

the arguments. It is simply alleged in the petition for certiorari that he "did not offer to withdraw his decision so that it might be reconsidered." Whether or not counsel could be said to have waived his right to argue upon announcing "That is all," after being asked by the ordinary at the conclusion of the testimony, "Are you through?" it must be held that he waived the right by not arguing when given an opportunity to do so.

The superior court did not err in denying the writ of certiorari and in affirming the judgment of the court of ordinary. *Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 13, 1960—DECIDED JULY 7, 1960.

*Al D. Tull,* for plaintiff in error.
*J. R. Cullens,* contra.