21708.   JORDAN v. JORDAN.

SUBMITTED JULY 9, 1962—DECIDED SEPTEMBER 6, 1962.

247

*Ray, Owens & Keil*, for plaintiff in error.

*Vincent P. McCauley, Marilyn W. Carney*, contra.

HEAD, Presiding Justice. Under the undisputed evidence the children were not in the physical possession of the father at the time of the filing of the mother's petition, but were in the possession of his sister and her husband in Florida. It has been held that whoever has legal custody and control of a minor child, in legal contemplation also has possession of it. *Crowell v. Crowell*, 190 Ga. 501 (9 SE2d 628). In the present case, however, it does not appear that legal custody of the children had been awarded to either parent. There is no contradiction of the testimony of the father that he has consented to the adoption of the children by his sister and her husband, and the father has thus lost his right to parental control. *Code* § 74-108 (2); *Carnes v. Carnes*, 208 Ga. 649 (68 SE2d 579). The mother testified that she had been given notice of pending adoption proceedings involving the children in a court in Florida, and was contesting this proceeding.

"A judge of the superior court sitting in his circuit has no authority to grant a writ of habeas corpus, unless the illegal detention exists in a county of that circuit." *Girtman v. Girtman,* 191 Ga. 173 (4) (11 SE2d 782). Since at the time of the filing of the petition for writ of habeas corpus the father did not have actual physical possession of the children, nor possession in legal contemplation by reason of having the legal custody of the children, and the custody of the children was the subject matter of a pending proceeding in the State of Florida, no illegal detention existed in a county of the circuit of the trial judge, and he correctly denied the prayer of the mother for the issuance of the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*